**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISELDA ROMERO-MANZANO, Plaintiff-Appellant, v. CARLTON NURSERY COMPANY, LLC; CARLTON PLANTS, LLC, DBA Carlton Plants, Defendants-Appellees. | No. 16-35750  D.C. No. 3:15-cv-00508-BR  MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 6, 2018
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[**] District Judge.

Criselda Romero-Manzano appeals the district court's grant of summary

judgment for Defendants-Appellees Carlton Nursery Company, LLC ("Carlton

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Nursery") and Carlton Plants, LLC ("Carlton Plants") (collectively "the Carlton Defendants"). This case arises from Romero-Manzano's allegations of sexual harassment during her employment for Carlton Plants. We reverse and remand Romero-Manzano's federal Title VII claim and dismiss her state-law discrimination claim.

    1. As to Romero-Manzano's federal Title VII claim, Romero-Manzano's failure in naming Carlton Nursery, not Carlton Plants, as her employer in the EEOC charge is not a bar to her claim. Although generally Title VII claimants may sue only those named in the EEOC charge, "Title VII charges can be brought against persons not named in an E.E.O.C. complaint so long as they were involved in the acts giving rise to the E.E.O.C. claims," *Sosa v. Hiraoka*, 920 F.2d 1451, 1458–59 (9th Cir. 1990) (quoting *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984)), and the parties are "substantially identical," *id.* at 1459. Here, Carlton Nursery and Carlton Plants were involved in the acts giving rise to Romero-Manzano's claim. Carlton Nursery and Carlton Plants are also substantially identical parties due to their shared ownership, place of business, and business operations. *See id*. at 1459–60. Accordingly, Romero-Manzano's failure to name Carlton Plants in her EEOC charge is not a bar to her Title VII claim.

    Romero-Manzano's federal Title VII claim is also not time-barred. She was required to file her civil suit within 90 days of receiving the EEOC notice of right

2

to sue, which was dated March 25, 2015. On June 19, 2015, within 90 days of the EEOC notice, Romero-Manzano timely filed her amended complaint in federal court correctly naming Carlton Plants.

Romero-Manzano faces one more hurdle as to her federal Title VII claim. As a prerequisite to bringing a Title VII action, Romero-Manzano was required to file her EEOC charge within 300 days from the date of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Romero-Manzano brings a hostile work environment claim. "A charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The only alleged incident that falls within the 300-day filing deadline is Romero-Manzano's allegation that Carrillo isolated Romero-Manzano from other workers; the other sexual harassment allegations fall outside of the 300-day deadline from when Romero-Manzano filed her EEOC charge. We remand for the district court to address in the first instance the issue of whether Romero-Manzano's allegations regarding Carrillo's isolation of Romero-Manzano were part of the same unlawful employment practice.

2. As to Romero-Manzano's state-law discrimination claim, Romero-Manzano had 90 days to file her civil lawsuit after the mailing of the Oregon

Bureau of Labor and Industries ("BOLI") notice of right to sue, which was dated December 30, 2014. Or. Rev. Stat. § 659A.875(2). Contrary to the district court's finding, Romero-Manzano filed her civil suit within 90 days of the BOLI notice when she filed her suit in federal court on March 26, 2015. However, Romero-Manzano's complaint still erroneously named Carlton Nursery, not Carlton Plants, as the defendant-employer. Romero-Manzano contends that under Federal Rule of Civil Procedure 15(c), her amended complaint that correctly included Carlton Plants as her employer should relate back to the date of her first federal complaint because she mistakenly named Carlton Nursery as the defendant-employer and later corrected this problem by adding Carlton Plants as a defendant.[1]

Romero-Manzano, however, did not raise the Rule 15(c) argument she now advances before this court during her district court proceedings.[2] In her response to the Carlton Defendants' motion for summary judgment, Romero cursorily discussed the applicability of Rule 15(c), but she did not argue that it applied because of her mistake in naming Carlton Nursery as a defendant. She provided no

---

[1] Rule 15(c) allows for relation back of a later-filed amendment that "changes the party or the naming of the party against whom a claim is asserted" when the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

[2] Romero-Manzano was represented by counsel during the proceedings below and before this court.

legal theory of mistake or factual basis to show that she had mistakenly named Carlton Nursery in her initial complaint. Because "a federal appellate court does not consider an issue not passed upon below," Romero-Manzano has forfeited this argument. *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Accordingly, we dismiss Romero-Manzano's state-law discrimination claim.

We **REVERSE** and **REMAND** Romero-Manzano's federal Title VII claim and **DISMISS** her state-law discrimination claim. Each party shall bear their own costs.